IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JUAN QUEZADA, (TDCJ No.02259040) Petitioner, | § § § § § | |
| v. | § § | Civil Action No. 4:19-CV-274-Y |
| BILL WAYBOURN, Sheriff, Tarrant County, Texas, Respondent. | § § § § | |

**OPINION AND ORDER**

Before the Court is a Petition for a Writ of Habeas Corpus under U.S.C. § 2241 filed by petitioner Juan Quezada, ("Quezada"), then a pre-trial detainee in the Tarrant County jail.(Pet.(doc. 1.)) The Court has received a response from Bill Waybourn, sheriff, Tarrant County, Texas, along with attached exhibits.(Resp.(doc. 7).) Quezada did not file any reply. After considering the pleadings and relief sought by Quezada, the response with exhibits thereto, and the applicable law, the Court concludes that the § 2241 petition must be **DISMISSED.**

**I. BACKGROUND**

In this § 2241 petition, Quezada challenges his then pre-trial confinement in the Tarrant County Jail.(Pet.(doc. 1.)) At the time he filed the § 2241 petition, Quezada reported being held on several charges in the Criminal District Count Number Three, Tarrant County, Texas: case number 1493226--assault on a public

servant, case number 1488816--engaging in organized crime, case number 1488813--obstruction retaliation, and case number 1480391--assault bodily injury (Pet. (doc. 1) at 3; Resp. (doc. 8) at 3.) Records provided by respondent Waybourn show the following as to the subsequent disposition of the charges:

> * On April 23, 2019, Quezada pleaded guilty to the third-degree felony offense of assault on a public servant in case number 1493226D.(Response, Exhibit 1: Judgment, No. 1493226D; Exhibit 2: Written Plea Admonishments, No. 1493226D (doc.7) at 8-20.);
>
> * On April 23, 2019, case number 1488813 was dismissed because Quezada was convicted in case number 1493226D. (Response, Exhibit 3: Motion to Dismiss, No. 1488813 (doc.7) at 21-22);
>
> *On April 23, 2019, case number 1488816 was dismissed because Quezada was convicted in case number 1493226D. (Response, Exhibit 4: Motion to Dismiss, No. 1488816 (doc. 7) at 23-24);
>
> *On May 13, 2019, Quezada was transferred to the custody of the Texas Department of Criminal Justice (TDCJ)-Institutional Division.(Response, Exhibit 5: Criminal Person Booking Display, Booking No. 3709913 (doc. 7) at 25-26); and
>
> *As of May 31, 2019, Quezada informed the Court that he had been transferred to the TDCJ-Middleton Unit. (Notice of Address Change, (doc. 6) at 1; Response, Exhibit 6: Offender Information Details, TDCJ-ID# 02259040 (doc. 7) at 28-29).

Quezada most recently updated his address to the TDCJ-Beto Unit. (Notice of Address Change (doc. 9) at 1.)

## II. CLAIMS

Quezada raises the following grounds for relief:

> (1) The Tarrant County Jail's three-step grievance process denied him access to the courts and his right to

2

petition for redress of grievances;

(2) His classification as an "assaultive" inmate and resulting placement in administrative separation is cruel and unusual and led to excessive bail;

(3) His detention on Cause Number 1493226 is in violation of the protection against double jeopardy because the case had already been dismissed by the Tarrant County Sheriff's Office;

(4) He was illegally detained in administrative separation for nearly two years without being taken to trial for a case that had already been resolved; and

(5) He was unconstitutionally denied bail for cause numbers 1488813, 1488816, and 1493226.

(Petition (doc. 1)at 5-7.)

**III. ANALYSIS**

Waybourn filed a comprehensive response to Quezada's § 2241 petition. Waybourn's response and supporting exhibits explain in detail that: (1) Quezada's claim one that he has been denied access to courts and the right to petition for redress of grievances must be dismissed without prejudice to pursuing in a civil action seeking relief under 42 U.S.C. § 1983; (2) this Court must abstain from his claim three that he was subjected to double jeopardy as he may seek review under other state procedures available to him; and Quezada's remaining claims two, four, and five—regarding challenges to his placement in administrative segregation and claim that he was subjected to excessive bail—must now be dismissed as moot since he has been convicted and is no longer housed in the Tarrant County Jail.(Resp.(doc.7) at 4-6.) For all of these reasons enunciated in Waybourn's response, the Court therefore concludes

3

that Quezada's petition under § 2241 must be dismissed.

**IV. ORDER**

For the reasons discussed herein, Quezada's claim in the petition under § 2241 that he was denied access to courts and the right to petition for redress of grievances is **DISMISSED** without prejudice to filing an action seeking relief under 42 U.S.C. § 1983, and all of Quezada's remaining grounds for relief in the petition under § 2241 are **DISMISSED WITH PREJUDICE** to their being refiled.

SIGNED February 28, 2020.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE